## LEHIGH & N. E. R. CO. v. SMALE.

Circuit Court of Appeals, Third Circuit.
April 27, 1927.

No. 3582.

1. Master and servant ⬡⟹286(12)—Whether locomotive pilot beam handhold had minimum clear length required held for jury.

In brakeman's action for injury caused by pilot beam handhold on locomotive not complying with order of Interstate Commerce Commission, question whether combination handhold and flagstaff had minimum clear length required *held* properly submitted to jury.

2. Appeal and error ⬡⟹1050(2)—In brakeman's action for injury from defective pilot beam handhold, admission of evidence as to uncoupling lever, though unnecessary, held harmless.

In brakeman's action for injury caused by pilot beam handhold on locomotive not complying with order of Interstate Commerce Commission, admission of evidence as to uncoupling lever, which may be deemed handhold in certain cases, though unnecessary, since there was no contention that it was such an engine in question, *held* not harmful to defendant.

In Error to the District Court of the United States for the District of New Jersey; Joseph L. Bodine, Judge.

Action by Russell R. Smale against the Lehigh & New England Railroad Company.

Judgment for plaintiff, and defendant brings error. Affirmed.

William V. Lee and Edward L. Katzenbach, both of Trenton, N. J., for plaintiff in error.

Charles A. Ludlow and Ralph W. Botham, both of New York City, for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. While Russell R. Smale, hereafter called plaintiff, was engaged as a brakeman in the interstate commerce work of the Lehigh & New England Railroad Company, hereafter called defendant, he was injured by reason, as alleged, of the appliances of the defendant on one of its locomotives, which failed to comply with the requirements of the Interstate Commerce Commission. He recovered a verdict, and on entry of judgment this writ of error was sued out by defendant.

Briefly stated, the pertinent facts are these: While the train was in motion, Smale, who was head brakeman, having in view aiding in a train movement in the line of his duty, went to the front of the engine in question and descended on steps fastened to the crossbeam at the front of the engine. In order to do so safely, it is obvious that he required support of handholds, and the requirements of the Interstate Commerce Commission in that regard are quoted in the margin.[1]

[1] In compliance with its statutory duty, the railroad placed a wrought iron handhold of the proper thickness securely bolted with a crossbeam; but it was alleged, and around this the controversy centers, that such handhold did not have the clear minimum clearance length of the 14 inches required, in that at its top there was placed a flag-holding device, which presented a split at its outer end. When Smale, in endeavoring to make the descent, reached for this handhold, he placed his hand on the top of the handhold and over

---

[1] Pilot beam handholds: Number: Two (2). Dimensions: Minimum diameter, five-eighths (⅝) of an inch, wrought iron or steel. Minimum clear length, fourteen (14), preferably sixteen (16), inches. Minimum clearance, two and one-half (2½) inches. Location: One (1) on each end of buffer beam. (If uncoupling lever extends across front end of locomotive to within eight [8] inches of end of buffer beam, and is seven-eighths [⅞] of an inch or more in diameter, securely fastened, with a clearance of two and one-half [2½] inches, it is a handhold). Manner of application: Pilot beam handholds shall be securely fastened with bolts or rivets."

this flag-holding device, and his glove caught in the split. When he let loose the detention of the glove pulled him around, and he fell, and his leg was run over. It was contended that the distance between the lower part of this flag-holding device and the base of the stem was less than the minimum clear length of 14 inches provided by the order, and whether this upright gave the statutory clearance was left by the court to the jury to decide. In view of the fact, as we see it, that the court itself well have said that such clearance was not provided, we find no error in the court's action in submitting it to the jury, or the jury's finding.

[2] It is sought by the railroad to show error by reason of evidence given in reference to the uncoupling lever which was located on the front of the buffer beam of the engine. We fail to see how that can affect the case. While the statutory requirement provides that in certain cases an uncoupling lever may be deemed to be a handhold, there was no contention made in the answer of the defendant that the uncoupling lever on this engine was a handhold, or a compliance with the statute; but the answer assumed that the handhold in controversy was the one upon which the plaintiff's glove caught. As we view the issues formed by the pleadings, the plaintiff needlessly undertook to give evidence showing that the uncoupling lever did not comply with the statute. But no such contention was made by the defendant, and indeed it was clear that the uncoupling lever on this engine did not comply with the requirements of the statute, because the upright which the plaintiff caught hold of stood in the way of his reaching the uncoupling lever, and physically prevented it from being used as a grabiron.

This needless attempt of the plaintiff in no way harmed the defendant, nor affected the real issue in the case, which was whether the grabiron plaintiff took hold of, and which brought about his injury, complied with the statute. This issue, and it alone, the court submitted to the jury in these words: "It was a combination handhold and flagstaff. There is testimony that it was equipment used on the New Jersey Central Railroad and on the Delaware, Lackawanna & Western Railroad, as well as on the Lehigh & New England Railroad, the defendant in this suit. If the grabiron complied with the regulations of the Interstate Commerce Commission, that is the end of your deliberations, and you would find a verdict for the defendant."

Finding no error, the judgment below is affirmed.